## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| v. | ) | No. 10-20129-07-KHV |
| | ) | |
| WILLIE F. FORD, | ) | CIVIL ACTION |
| | ) | No. 17-2723-KHV |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

On August 26, 2011, a jury found defendant guilty of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 280 grams of cocaine base, maintaining and conspiring to maintain a drug-involved premises within 1000 feet of a school, possession with intent to distribute and distribution of cocaine base within 1000 feet of a school and use of a cell phone in causing or facilitating a drug felony. See Verdict (Doc. #572). On January 23, 2012, the Court sentenced defendant to 420 months in prison. See Judgment In A Criminal Case (Doc. #691). On May 22, 2015, the Court overruled defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #849) filed June 6, 2014. See Memorandum And Order (Doc. #889). This matter is before the Court on defendant's Motion Pursuant To Rule 60(b) Seeking To Re-Open Case And Set Aside Order Denying Relief (Doc. #950) filed November 27, 2017, which the Court construes as a second or successive petition under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

**Factual Background**

On July 27, 2011, a grand jury charged defendant and 11 others with conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 280 grams of cocaine base. See Second Superseding Indictment (Doc. #514), Count 1. The grand jury also charged defendant with conspiracy to maintain a drug-involved premises within 1000 feet of a school, possession with intent to distribute and distribution of cocaine base within 1000 feet of a school and use of a cell phone in facilitating a drug felony. See id., Counts 4, 5, 12.

On direct appeal, the Tenth Circuit summarized the trial testimony as follows:

> Ford and others used three houses in Kansas City, Kansas, for selling and storing drugs. The main drug house, located at 2632 North 20th Street, known as "the Spot," sold drugs day and night. Drugs were also sold from two other houses near the Spot. In addition to the three houses used for selling drugs, Ford regularly stored drugs intended for sale at the Spot at his parents' house nearby. He brought drugs from his parents' house to the Spot numerous times at coconspirator Andrew Price's request.
>
> Following an extensive investigation of the drug trafficking operation, on October 13, 2010, law-enforcement officials made coordinated arrests of the participants and searches of the houses used for selling drugs. As FBI agents entered the Spot, several coconspirators ran out the back door. Two of them carried firearms and three carried large amounts of cash. Ford was not among those arrested at the Spot. A search of the Spot produced video cameras and a monitor, 27.8 grams of crack, 79.8 grams of marijuana, an electronic scale, packaging materials, and cell phones. Searches of the other drug houses also produced large amounts of cocaine and crack.
>
> Ford was charged in a superseding indictment with conspiring to distribute and distributing cocaine and crack between August 29, 2007 and October 13, 2010, and other charges. He was indicted with seventeen others, and stood trial with codefendants Marcus L. Quinn and Mark A. Brooks pursuant to a second superseding indictment. Four other codefendants entered guilty pleas and testified at the trial: LaVaughn "Jason" Brown, Polly Smith, Adrian Melendez, and Daniel Cardenas Garcia.
>
> The testimony of Brown and Smith established that the persons permitted to sell drugs from the Spot were part of an "inner circle" that included Ford. Although

> Antonio Quinn was the main person who decided who could sell from the Spot, all members of the inner circle had some say in the matter. Brown testified that the inner-circle members were "all the same," meaning a buyer could get drugs from him or any of the others. R. Vol. 2 at 864-65. The inner circle contributed to pay the bills at the Spot. Some members of the conspiracy had regular jobs, but Ford did not.
>
> Several witnesses placed Ford at the Spot on a regular, if not constant, basis. One witness testified that she had purchased crack from him more than 25 times. Several controlled drug buys were completed at the Spot; one of them from Ford. The government's evidence included transcripts of numerous telephone calls between coconspirators recorded from wire intercepts on [Antonio] Quinn's telephone. During calls between [Antonio] Quinn and Ford, the two discussed other conspirators and the drug business. In particular, they used the conspiracy's code words, such as "two-door" and "four-door," to describe drug quantities. During one call, Ford advised [Antonio] Quinn that the "kick-in boys [meaning SWAT teams] have been riding," id. at 1276, and [Antonio] Quinn asked who was "up there," to which Ford responded by naming two other coconspirators[] id. Furthermore, other coconspirators referred to Ford in phone calls discussing the drug trafficking organization.
>
> Testifying coconspirator Adrian Melendez stated that he supplied cocaine to [Antonio] Quinn. He had observed [Antonio] Quinn hand to Ford cocaine that he had supplied to Quinn. Melendez saw [Antonio] Quinn give Ford cocaine "six, seven times." Id. at 1935. In addition, coconspirator Daniel Cardenas Garcia testified that [Antonio] Quinn told him that he supplied Ford cocaine, and that [Antonio] Quinn sometimes delayed paying Garcia because he was awaiting payment from others, including Ford, before paying Garcia.

Order And Judgment (Doc. #836) filed May 20, 2013 at 2-4 (footnote omitted).

On August 26, 2011, a jury found defendant guilty on each count. See Verdict (Doc. #572). Defendant's total offense level was 42 with a criminal history category VI, resulting in a sentencing range of 360 months to life in prison. On January 23, 2012, the Court sentenced defendant to 420 months in prison. See Judgment In A Criminal Case (Doc. #691). Defendant appealed his conviction on Count 1, and his sentence, to the Tenth Circuit. Order And Judgment (Doc. #836) at 2. The Tenth Circuit affirmed. Id.

On June 6, 2014, defendant filed a motion to vacate his sentence under Section 2255.

Motion Under 28 U.S.C. § 2255 (Doc. #849). Defendant alleged ineffective assistance because (1) counsel did not object to the indictment as multiplicitous, (2) counsel did not object at trial or sentencing to the failure of the indictment to set forth a specific drug type and quantity; (3) counsel did not effectively object to defendant's career offender sentence enhancement under U.S.S.G. § 4B1.1; and (4) counsel did not raise the above issues on appeal. Id. Although defendant filed his Section 2255 petition and its accompanying memoranda pro se, he now claims that an "inmate legal assistant" represented him throughout the initial habeas proceedings. Motion Pursuant To Rule 60 (Doc. #950) at 3. On May 22, 2015, the Court overruled defendant's Section 2255 motion. See Memorandum And Order (Doc. #889).

On May 27, 2016 defendant filed his second Section 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015). Motion To Vacate Sentence Under 28 U.S.C. § 2255 (Doc. #914). On May 17, 2017, the Court dismissed defendant's motion because United States v. Beckles, 137 S. Ct. 886 (2017), precluded defendant's claim under Johnson. Order (Doc. #944).

On November 27, 2017, defendant filed the instant Motion Pursuant To Rule 60(b) (Doc. #950), which asks the Court to set aside its order denying his initial Section 2255 motion. Defendant asserts that he is entitled to relief because (1) counsel – the inmate legal assistant – on his first habeas claim provided ineffective assistance; (2) trial counsel provided ineffective assistance by failing to effectively object to his sentence enhancements based on lack of particularized findings; (3) the Court erred by allowing the jury to view transcripts that were not admitted into evidence during deliberations; and (4) the Court erred by admitting voice identification testimony with questionable credibility. See generally id. at 5-11.

**Analysis**

**I.     Basis For Relief Requested In Defendant's Motion**

Although defendant filed his motion under Rule 60(b), Fed. R. Civ. P., the Court must address how to construe defendant's motion. The relief sought – not a motion's title – determines whether the movant filed a true Rule 60(b) motion or an unauthorized second or successive petition under Section 2255. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006); see also United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (allowing petitioner to avoid bar against successive petitions by styling petition under different name would erode procedural restraints of Sections 2244(b)(3) and 2255). A true Rule 60(b) motion (1) challenges only a procedural ruling (such as timeliness) which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceedings, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006). An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. at 1225.

Defendant asserts that a defect in his initial Section 2255 proceedings allows him to bring second or successive claims which attack the merits of his underlying conviction. Motion Pursuant To Rule 60(b) (Doc. #950) at 2-6 (arguing inmate legal assistant provided ineffective assistance which did not allow him to adequately litigate ineffective trial counsel claims). However, when determining the nature of a motion, the Court considers each issue in the motion to determine whether it represents a successive petition, a Rule 60(b) motion or a "mixed" motion. Spitznas, 464 F.3d at 1224.

Here, defendant attempts to present a true Rule 60 motion by alleging that the inmate legal assistant's ineffective assistance constitutes a defect in his initial habeas proceedings. Motion Pursuant To Rule 60(b) (Doc. #950) at 4. The Supreme Court has noted that an attack based on omissions by habeas counsel "ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Gonzalez v. Crosby, 545 U.S. 524, 532 n.5 (2005); see also Gray v. Mullin, 171 F. App'x 741, 744 (10th Cir. 2006) (unpublished). Likewise, defendant attempts to re-litigate his initial habeas claims by arguing that the inmate legal assistant prevented him from effectively arguing them in his first Section 2255 motion. Accordingly, the Court construes this claim as part of a second or successive Section 2255 motion.[1] See Spitznas, 464 F.3d at 1215-16.

Defendant also raises three claims concerning his underlying conviction. Defendant raised one of these claims in his initial Section 2255 motion. The two remaining claims seek relief based on judicial errors at trial. Spitznas, 464 F.3d at 1225; see also Memorandum And Order (Doc. #889) at 8. Because the remaining three claims do not assert a defect in the habeas proceedings or challenge a procedural ruling, the Court also construes these claims as part of a second or successive Section 2255 motion.

## II.  Relief Under 28 U.S.C. § 2255

As stated, defendant previously filed two Section 2255 motions. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or

---

[1] To the extent defendant argues for relief because he did not have representation during his initial Section 2255 motion, he also presents a second or successive Section 2255 motion. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (no right to counsel in collateral proceedings); see also United States v. Prows, 448 F.3d 1223, 1229 (10th Cir. 2006).

successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or, on the other hand, if it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Because defendant did not receive authorization from the Tenth Circuit and it appears that his claims do not satisfy the authorization standards under Section 2255, the Court overrules the motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

Here, defendant raises claims that the Court has already addressed or that clearly lack merit. His ineffective assistance claim is not factually or legally supported because defendant filed his initial Section 2255 motion pro se and is not entitled to counsel during collateral proceedings. See Finley, 481 U.S. at 555. Further, the Court already rejected his ineffective trial counsel claim, which he asserts was not "adequately presented." Motion Pursuant To Rule 60(b) (Doc. #950) at 3; see Memorandum And Order (Doc. #889) at 8. In his remaining claims, defendant fails to demonstrate how evidentiary rulings at trial prejudiced him or changed the result of the proceedings. Finally, defendant does not assert "newly discovered evidence" or that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable. Accordingly, the Court declines to transfer the present motion to the Court of Appeals.

**IT IS THEREFORE ORDERED** that defendant's Motion Pursuant To Rule 60(b) Seeking To Re-Open Case And Set Aside Order Denying Relief (Doc. #950) filed November 27, 2017, which the Court construes as a second or successive petition under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

Dated this 20th day of December, 2017 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>KATHRYN H. VRATIL
>United States District Judge