IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | No. 10-20129-07-KHV |
| ) | |
| WILLIE F. FORD, ) | CIVIL ACTION |
| ) | No. 18-2200-KHV |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On January 23, 2012, the Court sentenced defendant to 420 months in prison. This matter is before the Court on defendant's Motion To Correct/Modification Of Illegal Sentence Or Review Of A Sentence (Doc. #968) filed April 23, 2018, which the Court construes as a second or successive motion under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction and denies a certificate of appealability.

**Procedural Background**

On August 26, 2011, a jury found defendant guilty of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 280 grams of cocaine base, maintaining and conspiring to maintain a drug-involved premises within 1000 feet of a school, possession with intent to distribute and distribution of cocaine base within 1000 feet of a school and use of a cell phone in causing or facilitating a drug felony. See Verdict (Doc. #572). Defendant's total offense level was 42 with a criminal history category VI, resulting in a sentencing range of 360 months to life in prison. On January 23, 2012, the Court sentenced defendant to 420 months in prison. See Judgment In A Criminal Case (Doc. #691). Defendant appealed his conviction and sentence. The Tenth Circuit affirmed. Order And Judgment (Doc. #836) filed May 20, 2013 at 2.

On June 6, 2014, defendant filed a motion to vacate his sentence under Section 2255.

Motion Under 28 U.S.C. § 2255 (Doc. #849). Defendant alleged ineffective assistance because (1) counsel did not object to the indictment as multiplicitous; (2) counsel did not object at trial or sentencing to the failure of the indictment to set forth a specific drug type and quantity; (3) counsel did not effectively object to defendant's career offender sentence enhancement under U.S.S.G. § 4B1.1; and (4) counsel did not raise the above issues on appeal. Id. On May 22, 2015, the Court overruled defendant's Section 2255 motion. See Memorandum And Order (Doc. #889).

On May 27, 2016, defendant filed a second Section 2255 motion. Motion To Vacate Sentence Under 28 U.S.C. § 2255 (Doc. #914). On May 17, 2017, the Court dismissed defendant's motion because United States v. Beckles, 137 S. Ct. 886 (2017), precluded defendant's claim under Johnson v. United States, 135 S. Ct. 2551 (2015). Order (Doc. #944).

On November 27, 2017, defendant filed a Motion Pursuant To Rule 60(b) (Doc. #950). Defendant asserted that he was entitled to relief because (1) the inmate legal assistant on his first habeas claim provided ineffective assistance; (2) trial counsel provided ineffective assistance by failing to effectively object to his sentence enhancements based on lack of particularized findings; (3) the Court erred by allowing the jury to view transcripts that were not admitted into evidence during deliberations; and (4) the Court erred by admitting voice identification testimony with questionable credibility. See id. at 5-11. On December 20, 2017, the Court dismissed defendant's Rule 60(b) motion, which the Court construed as a second or successive petition under 28 U.S.C. § 2255. On March 21, 2018, the Tenth Circuit denied defendant a certificate of appealability of this Court's ruling on his Rule 60(b) motion. Order Denying Certificate Of Appealability (Doc. #963).

On April 23, 2018, defendant filed the instant Motion To Correct/Modification Of Illegal Sentence Or Review Of A Sentence (Doc. #968). Defendant argues that his trial counsel provided ineffective assistance because (1) he did not propose a jury instruction which required the jury to specifically find drug type and quantity and (2) he did not object to defendant's enhanced sentence based on drug type and quantity. See id. at 1-2. Defendant also argues that the Court erred because it did not instruct the jury to specifically find drug type and quantity and it sentenced him beyond the statutory penalty for the offense of conviction. See id.

## Analysis

### I. Basis For Relief Requested In Defendant's Motion

Defendant has not identified any statutory authority for his "Motion To Correct." Accordingly, the Court must address how to construe defendant's motion. The relief sought – not a motion's title – determines whether a movant filed a true Rule 60(b) motion or an unauthorized second or successive petition under Section 2255. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006); see also United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (allowing petitioner to avoid bar against successive petitions by styling petition under different name would erode procedural restraints of Sections 2244(b)(3) and 2255). A true Rule 60(b) motion (1) challenges only a procedural ruling (such as timeliness) which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceedings, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006). An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. at 1225.

When determining the nature of a motion, the Court considers each issue in the motion to determine whether it represents a successive petition, a Rule 60(b) motion, or a "mixed" motion. Id. at 1224.

Defendant has not identified any defect in his initial Section 2255 proceedings. Instead, defendant reasserts two claims from his original Section 2255 motion, i.e. trial counsel provided ineffective assistance because (1) he did not propose a jury instruction which required the jury to specifically find drug type and quantity and (2) he did not object to defendant's enhanced sentence based on drug type and quantity. See Movant's Memorandum Of Points And Authorities Supporting His Title 28 U.S.C. § 2255 Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #850) at 12-16. Defendant also asserts that the Court erred because it did not instruct the jury to specifically find drug type and quantity and it sentenced him beyond the statutory penalty for the offense of conviction. See Motion To Correct (Doc. #968) at 1-2. All of defendant's present claims in substance or effect assert or reassert federal grounds for relief from his underlying conviction and sentence. Because defendant has previously sought relief under Section 2255, the Court construes his claims as part of a second or successive Section 2255 motion. See United States v. Wetzel-Sanders, 805 F.3d 1266, 1268 (10th Cir. 2015) (motion which attacks judgment of conviction or sentence when prior motion already did so constitutes second or successive motion); Spitznas, 464 F.3d at 1216 (motions that assert defect outside context of habeas proceeding constitute second or successive petitions); see also United States v. Moreno, 655 F. App'x 708, 713 (10th Cir. 2016) (motion to reconsider which reargues and expands upon prior substantive challenges to conviction not true Rule 60(b) motion).

**II.    Relief Under 28 U.S.C. § 2255**

As stated, defendant has filed multiple Section 2255 motions. Pursuant to the Antiterrorism

-4-

and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or, on the other hand, if it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Because defendant did not receive authorization from the Tenth Circuit and it appears that his claims do not satisfy the authorization standards under Section 2255, the Court overrules the motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources

to require transfer of frivolous, time-barred cases).

Here, defendant's claims do not assert new evidence or argue that the Supreme Court has made retroactive a new rule of constitutional law.  Rather, defendant raises claims that he either asserted or could have asserted on direct appeal or in his initial Section 2255 motion.  Accordingly, the Court declines to transfer the present motion to the court of appeals.

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).[1]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)).  For reasons stated above, the Court finds that defendant has not satisfied this standard.  The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion To Correct/Modification Of Illegal Sentence Or Review Of A Sentence (Doc. #968) filed April 23, 2018,  which the Court construes as a second or successive motion under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on

---

[1] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

defendant's Section 2255 motion is **DENIED**.

Dated this 30th day of April, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
