# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 10-20129-07-KHV** |
| **WILLIE F. FORD,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

On January 23, 2012, the Court sentenced defendant to 420 months in prison. This matter is before the Court on defendant's pro se Motion To Modify Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2) Citing Amendment 750 And Amendment 782 To The U.S. Sentencing Guidelines (Doc. #971) filed May 10, 2018. Defendant seeks relief under Amendments 750 and 782 to the United States Sentencing Guidelines ("U.S.S.G."), which lowered the base offense levels for certain quantities in the Drug Quantity Table at U.S.S.G. § 2D1.1. Defendant is not eligible for relief under either amendment because his guideline range remains the same. See United States v. Norwood, 624 F. App'x 669, 670 (10th Cir. 2015) (defendant cannot obtain relief under Section 3582(c)(2) unless amendment lowers applicable guideline range). In particular, defendant's base offense level is at least 36 under the amended guidelines because the Court attributed at least 8.4 kilograms of cocaine base to him. See Presentence Investigation Report (Doc. #657) filed December 1, 2011, ¶ 143(a) (first method: low end of 24 kilograms of cocaine base), ¶ 143(b) (second method: low end of 48 kilograms of cocaine base); ¶ 151(c) (third method: "conservative estimate" of 78.9 kilograms of cocaine base during span of conspiracy); U.S.S.G. § 2D1.1(c)(2) (Nov. 1, 2016 ed.) (base offense level of 36 for at least 8.4 kilograms but less than 25.2 kilograms of cocaine base). If the Court used the most conservative estimate outlined in the presentence report, defendant's total offense level is reduced two

levels to a total of 40 under the amended guidelines, with a criminal history category VI.  Even so, defendant's guideline range remains the same: 360 months to life in prison.  Accordingly, defendant is not entitled to relief.  See Norwood, 624 F. App'x at 670; United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2)(B) (2016) (reduction in term of imprisonment not consistent with policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if amendment does not have effect of lowering applicable guideline range).

**IT IS THEREFORE ORDERED** that defendant's pro se Motion To Modify Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2) Citing Amendment 750 And Amendment 782 To The U.S. Sentencing Guidelines (Doc. #971) filed May 10, 2018 is **DISMISSED for lack of jurisdiction**.

Dated this 4th day of June, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge