IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>v.<br><br>WILLIE F. FORD,<br>                      Defendant. | CRIMINAL ACTION<br><br>No. 10-20129-07-KHV |
| WILLIE F. FORD,<br><br>                      Plaintiff,<br>v.<br><br>STEVE LANGFORD,<br>                      Defendant. | CIVIL ACTION<br><br>No. 18-3156-KHV |

**MEMORANDUM AND ORDER**

On January 23, 2012, the Court sentenced defendant to 420 months in prison. On June 4, 2018, the Court dismissed defendant's pro se Motion To Modify Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2) Citing Amendment 750 And Amendment 782 To The U.S. Sentencing Guidelines (Doc. #971) filed May 10, 2018. This matter is before the Court on defendant's Motion To Reconsider [The Order Of June 4, 2018] (Doc. #975) filed June 22, 2018 and defendant's Petition For Writ Of Habeas Corpus By A Person In Federal Custody (28 U.S.C. § 2241) (Doc. #977) filed June 12, 2018, which the Court construes as a second or successive petition under 28 U.S.C. § 2255. For reasons stated below, the Court overrules defendant's motion to reconsider the ruling on his Section 3582(c)(2) motion, dismisses his successive Section 2255 motion for lack of jurisdiction and denies a certificate of appealability.

**Factual Background**

On July 27, 2011, a grand jury charged defendant and 11 others with conspiracy to

distribute and possess with intent to distribute more than five kilograms of cocaine and more than 280 grams of cocaine base. See Second Superseding Indictment (Doc. #514), Count 1. The grand jury also charged defendant with conspiracy to maintain a drug-involved premises within 1000 feet of a school, possession with intent to distribute and distribution of cocaine base within 1000 feet of a school and use of a cell phone in facilitating a drug felony. See id., Counts 4, 5, 12.

> The Tenth Circuit summarized the trial testimony as follows:
>
> Ford and others used three houses in Kansas City, Kansas, for selling and storing drugs. The main drug house, located at 2632 North 20th Street, known as "the Spot," sold drugs day and night. Drugs were also sold from two other houses near the Spot. In addition to the three houses used for selling drugs, Ford regularly stored drugs intended for sale at the Spot at his parents' house nearby. He brought drugs from his parents' house to the Spot numerous times at coconspirator Andrew Price's request.
>
> Following an extensive investigation of the drug trafficking operation, on October 13, 2010, law-enforcement officials made coordinated arrests of the participants and searches of the houses used for selling drugs. As FBI agents entered the Spot, several coconspirators ran out the back door. Two of them carried firearms and three carried large amounts of cash. Ford was not among those arrested at the Spot. A search of the Spot produced video cameras and a monitor, 27.8 grams of crack, 79.8 grams of marijuana, an electronic scale, packaging materials, and cell phones. Searches of the other drug houses also produced large amounts of cocaine and crack.
>
> Ford was charged in a superseding indictment with conspiring to distribute and distributing cocaine and crack between August 29, 2007 and October 13, 2010, and other charges. He was indicted with seventeen others, and stood trial with codefendants Marcus L. Quinn and Mark A. Brooks pursuant to a second superseding indictment. Four other codefendants entered guilty pleas and testified at the trial: LaVaughn "Jason" Brown, Polly Smith, Adrian Melendez, and Daniel Cardenas Garcia.
>
> The testimony of Brown and Smith established that the persons permitted to sell drugs from the Spot were part of an "inner circle" that included Ford. Although Antonio Quinn was the main person who decided who could sell from the Spot, all members of the inner circle had some say in the matter. Brown testified that the inner-circle members were "all the same," meaning a buyer could get drugs from

him or any of the others. R. Vol. 2 at 864-65. The inner circle contributed to pay the bills at the Spot. Some members of the conspiracy had regular jobs, but Ford did not.

Several witnesses placed Ford at the Spot on a regular, if not constant, basis. One witness testified that she had purchased crack from him more than 25 times. Several controlled drug buys were completed at the Spot; one of them from Ford. The government's evidence included transcripts of numerous telephone calls between coconspirators recorded from wire intercepts on [Antonio] Quinn's telephone. During calls between [Antonio] Quinn and Ford, the two discussed other conspirators and the drug business. In particular, they used the conspiracy's code words, such as "two-door" and "four-door," to describe drug quantities. During one call, Ford advised [Antonio] Quinn that the "kick-in boys [meaning SWAT teams] have been riding," id. at 1276, and [Antonio] Quinn asked who was "up there," to which Ford responded by naming two other coconspirators[] id. Furthermore, other coconspirators referred to Ford in phone calls discussing the drug trafficking organization.

Testifying coconspirator Adrian Melendez stated that he supplied cocaine to [Antonio] Quinn. He had observed [Antonio] Quinn hand to Ford cocaine that he had supplied to Quinn. Melendez saw [Antonio] Quinn give Ford cocaine "six, seven times." Id. at 1935. In addition, coconspirator Daniel Cardenas Garcia testified that [Antonio] Quinn told him that he supplied Ford cocaine, and that [Antonio] Quinn sometimes delayed paying Garcia because he was awaiting payment from others, including Ford, before paying Garcia.

Order And Judgment (Doc. #836) filed May 20, 2013 at 2-4 (footnote omitted).

On August 26, 2011, a jury found defendant guilty on each count. See Verdict (Doc. #572). Defendant's total offense level was 42 with a criminal history category VI, resulting in a sentencing range of 360 months to life in prison. On January 23, 2012, the Court sentenced defendant to 420 months in prison. See Judgment In A Criminal Case (Doc. #691). Defendant appealed his conviction and sentence. On May 20, 2013, the Tenth Circuit affirmed. Order And Judgment (Doc. #836) at 2.

On June 6, 2014, defendant filed a motion to vacate his sentence under Section 2255. Motion Under 28 U.S.C. § 2255 (Doc. #849). Defendant alleged ineffective assistance because (1) counsel did not object to the indictment as multiplicitous; (2) counsel did not object at trial or

sentencing to the failure of the indictment to set forth a specific drug type and quantity; (3) counsel did not effectively object to defendant's career offender sentence enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1; and (4) counsel did not raise the above issues on appeal. Id. On May 22, 2015, the Court overruled defendant's Section 2255 motion. See Memorandum And Order (Doc. #889). Defendant appealed. On October 9, 2015, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. See Order Denying Certificate Of Appealability (Doc. #897).

On May 27, 2016 defendant filed his second Section 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015). Motion To Vacate Sentence Under 28 U.S.C. § 2255 (Doc. #914). On May 17, 2017, the Court dismissed defendant's motion because United States v. Beckles, 137 S. Ct. 886 (2017), precluded his claim under Johnson. Order (Doc. #944).

On November 27, 2017, defendant filed a Motion Pursuant To Rule 60(b) (Doc. #950), which asked the Court to set aside its order denying his initial Section 2255 motion. Defendant asserted that he was entitled to relief because (1) an "inmate legal assistant" provided ineffective assistance on his first habeas claim; (2) trial counsel provided ineffective assistance by failing to effectively object to his sentence enhancements based on lack of particularized findings; (3) the Court erred by allowing the jury to view transcripts that were not admitted into evidence during deliberations; and (4) the Court erred by admitting voice identification testimony with questionable credibility. See generally id. at 5-11. On December 20, 2017, the Court dismissed defendant's Rule 60(b) motion, which the Court construed as a second or successive petition under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #952). Defendant appealed. On March 21, 2018, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. See Order Denying Certificate Of Appealability (Doc. #963).

On April 23, 2018, defendant filed a Motion To Correct/Modification Of Illegal Sentence Or Review Of A Sentence (Doc. #968), which the Court construed as a second or successive motion under 28 U.S.C. § 2255. Defendant argued that his trial counsel provided ineffective assistance because (1) he did not propose a jury instruction which required the jury to specifically find drug type and quantity and (2) he did not object to defendant's enhanced sentence based on drug type and quantity. See id. at 1-2. Defendant also argued that the Court erred because it did not instruct the jury to specifically find drug type and quantity and it sentenced him beyond the statutory penalty for the offense of conviction. See id. On April 30, 2018, the Court dismissed defendant's motion for lack of jurisdiction. See Memorandum And Order (Doc. #968).

On May 10, 2018, defendant filed a pro se Motion To Modify Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2) Citing Amendment 750 And Amendment 782 To The U.S. Sentencing Guidelines (Doc. #971). On June 4, 2018, the Court dismissed defendant's motion for lack of jurisdiction. See Memorandum And Order (Doc. #972).

On June 12, 2018, in the Central District of California, defendant filed a Petition For Writ Of Habeas Corpus By A Person In Federal Custody (28 U.S.C. § 2241) (Doc. #977). Because defendant's petition asserted claims that are cognizable only under Section 2255, Magistrate Judge Paul L. Abrams of the Central District of California transferred defendant's Section 2241 petition to this Court. See Order Transferring Action To The United States District Court For The District Of Kansas (Doc. #3 in Civil Case No. 18-3156-KHV) filed June 26, 2018. Liberally construed, defendant's petition asserts that the Court erred because it (1) allowed the jury to view transcripts that were not admitted into evidence during deliberations, (2) failed to give a limiting instruction regarding voice identification testimony, (3) did not require the jury to specifically find the object of the conspiracy in Count 1, (4) admitted expert testimony without allowing defense counsel

ample time to prepare for such testimony, (5) did not instruct the jury to specifically find drug type and quantity and sentenced him beyond the statutory penalty for the offense of conviction, (6) allowed Rule 404(b) evidence of his past convictions and (7) allowed numerous constitutional and non-constitutional errors which collectively prejudiced him.  Petition For Writ Of Habeas Corpus (Doc. #977) at 3-5 (Claims 1-4, 6, 11 and 12).  Defendant's petition also alleges that during plea negotiations, government counsel made misleading statements about his potential statutory penalty.  Id. at 5 (Claim 5).  Finally, defendant's petition asserts that counsel provided ineffective assistance because (1) he failed to obtain suppression of evidence obtained through wire taps of Antonio Quinn's phone, (2) at trial, he did not object to questioning of co-defendant's counsel which opened the door to improper expert testimony and Rule 404(b) evidence, (3) on appeal, he did not raise all of the above issues, and (4) on appeal, he did not file a motion to stay pending the Supreme Court's ruling in Alleyne v. United States, 133 S. Ct. 2151 (2013).  Petition For Writ Of Habeas Corpus (Doc. #977) at 5 (Claims 7-10, 13).

On June 22, 2018, defendant asked this Court to reconsider its order of June 4, 2018, which overruled his Section 3582(c)(2) motion.

## Analysis

**I.  Motion To Reconsider Ruling On Section 3582(c)(2) Motion**

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Defendant sought relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c).  If eligible, the Court may reduce defendant's term of

imprisonment after considering any applicable factors set forth in Section 3553(a), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c); see Dillon v. United States, 560 U.S. 817, 826-27 (2010); United States v. Green, 625 F. App'x 901, 904 (10th Cir. 2015).

To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a Guidelines range that the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court to grant relief in light of the sentencing factors found in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289-90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289.

As noted above, the Court dismissed defendant's Section 3582(c)(2) motion for lack of jurisdiction. See Memorandum And Order (Doc. #972). The Court found that defendant's base offense level is at least 36 under the amended Guidelines because the Court attributed at least 8.4 kilograms of cocaine base to him. Id. at 1-2; see Presentence Investigation Report (Doc. #657) filed December 1, 2011, ¶ 143(a) (first method: low end of 24 kilograms of cocaine base), ¶ 143(b) (second method: low end of 48 kilograms of cocaine base); ¶ 151(c) (third method: "conservative estimate" of 78.9 kilograms of cocaine base during span of conspiracy); U.S.S.G. § 2D1.1(c)(2) (Nov. 1, 2018 ed.) (base offense level of 36 for at least 8.4 kilograms but less than 25.2 kilograms of cocaine base). Applying the most conservative estimate outlined in the presentence report (24 kilograms), defendant's total offense level is reduced two levels to a total of 40 under the amended Guidelines, with a criminal history category VI. Even so, the Court found that

defendant's Guidelines range remains the same: 360 months to life in prison.  See Memorandum And Order (Doc. #972) at 2.

In his motion to reconsider, defendant argues that the various estimates outlined in the presentence report are erroneous because the allegations are insufficient to show that the controlled substances which co-defendants distributed should be attributed to him.  Motion To Reconsider (Doc. #975) at 2.  Defendant's objection goes beyond the scope of Section 3582(c)(2) proceedings, which "do not constitute a full resentencing."  U.S.S.G. § 1B1.10(a)(3); see Dillon, 560 U.S. at 825-26 (statute's text, together with its narrow scope, shows Congress intended to authorize only limited adjustment to otherwise final sentence and not plenary resentencing proceeding; court does not impose new sentence in usual sense, but merely reduces otherwise final sentence in certain limited circumstances).  In determining whether and to what extent a reduction is warranted under Section 3582(c)(2), the Court determines the amended Guidelines range that would have applied if the retroactive amendment had been in effect when defendant was originally sentenced.  U.S.S.G. § 1B1.10(b)(1).  In doing so, the Court substitutes only the retroactive amendments listed in Section 1B1.10(d) for the corresponding Guidelines provisions that were applied when defendant was sentenced and "shall leave all other guideline application decisions unaffected."  Id.; see Freeman v. United States, 564 U.S. 522, 531 (2011) (plurality opinion) (all Guidelines decisions from original sentencing remain in place, except sentencing range that retroactive amendment altered); United States v. Battle, 706 F.3d 1313, 1319 (10th Cir. 2013) (to determine amended Guidelines range under retroactive amendment, district court may look to previous findings, including any portion of presentence investigation report adopted at sentencing, to make supplemental calculations of drug quantity).  Accordingly, the Court cannot alter its original findings of drug quantity because Amendment 782 did not impact that aspect of

defendant's sentence. Battle, 706 F.3d at 1317; see Dillon, 560 U.S. at 831 13 (Section 3582(c)(2) proceedings do not permit challenges to aspects of sentence not affected by Commission amendment to § 2D1.1).[1] For these reasons, the Court overrules defendant's motion to reconsider the ruling on his Section 3582(c)(2) motion.

## II. Petition Under 28 U.S.C. § 2241

The Central District of California transferred defendant's Section 2241 petition to this Court, the sentencing court, because the petition directly challenges the legality of defendant's conviction. Magistrate Judge Abrams noted that defendant's claims were presumptively cognizable only in a Section 2255 motion and that defendant did not establish that Section 2255 was inadequate or ineffective to test the legality of his detention. Order Transferring Action To The United States District Court For The District Of Kansas (Doc. #3 in Civil Case No. 18-3156-KHV) at 3-5; see also Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (failure to obtain relief under Section 2255 does not establish that remedy so provided is inadequate or ineffective); United States v. Montano, 442 F. App'x 412, 413 (10th Cir. 2011) (mere fact prisoner precluded from

---

[1] See United States v. Larsen, 664 F. App'x 751, 753 (10th Cir. 2016) (because defendant did not object to calculation of drug quantity at sentencing and Amendment 782 does not impact how quantities of drugs are calculated, district court had no ability to revisit calculations); United States v. Burkins, 596 F. App'x 685, 690 (10th Cir. 2014) (challenge to drug quantity finding should be raised on direct appeal, not in § 3582(c)(2) proceeding); United States v. Washington, 759 F.3d 1175, 1184-85 (10th Cir. 2014) (attack on quantity calculation would be "brand new direct appeal, something utterly at odds with the limited and streamlined eligibility determination envisioned in § 3582(c)(2), U.S.S.G. § 1B1.10, and Dillon"); United States v. Kennedy, 722 F.3d 439, 442-43 (D.C. Cir. 2013) (district court adoption of PSR was implicit drug-quantity finding, which could not be collaterally attacked in § 3582(c)(2) proceeding); United States v. Hooks, 551 F.3d 1205, 1217 (10th Cir. 2009) (under Fed. R. Crim. P. 32(i)(3)(A), district court may accept undisputed portion of PSR as finding of fact); United States v. Valdez, 320 F. App'x 863, 866 (10th Cir. 2009) (where defendant had not objected to facts in PSR, court properly relied in § 3582 proceeding on findings adopted at original sentencing); see also Dillon, 560 U.S. at 826 (rejecting challenge to sentencing court's erroneous application of Guidelines as mandatory because it was beyond scope of § 3582 proceeding).

filing time-barred or second § 2255 petition does not establish that remedy provided is inadequate or ineffective). Accordingly, the Court construes defendant's Section 2241 petition as a motion under Section 2255.

As stated, defendant previously filed Section 2255 motions. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or, on the other hand, if it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

The claims in defendant's petition do not satisfy the authorization standards under Section 2255. Defendant has not asserted "newly discovered evidence" or shown that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable. See 28 U.S.C. § 2255(h). Accordingly, the Court dismisses the successive Section 2255 motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Reconsider [The Order Of June 4, 2018]</u> (Doc. #975) filed June 22, 2018 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's <u>Petition For Writ Of Habeas Corpus By A Person In Federal Custody (28 U.S.C. § 2241)</u> (Doc. #977) filed June 12, 2018, which the Court construes as a second or successive petition under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 22nd day of February, 2019 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge