IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>WILLIE F. FORD,<br><br>　　　　　　　　　　Defendant. | CRIMINAL ACTION<br><br>No. 10-20129-07-KHV |

**MEMORANDUM AND ORDER**

On January 23, 2012, the Court sentenced defendant to 420 months in prison. This matter is before the Court on defendant's Motion To Reduce Sentence For Compassionate Release (Doc. #1085) filed March 5, 2021 and his Unopposed Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(2) (Doc. #1087) filed March 17, 2021. For reasons stated below, the Court dismisses defendant's motion under 18 U.S.C. § 3582(c)(2), sustains in part his motion for compassionate release and reduces his sentence to 330 months.

**Factual Background**

On July 27, 2011, a grand jury charged defendant and 11 others with conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 280 grams of cocaine base. See Second Superseding Indictment (Doc. #514), Count 1. The grand jury also charged defendant with conspiracy to maintain a drug-involved premises within 1000 feet of a school, possession with intent to distribute and distribution of cocaine base within 1000 feet of a school and use of a cell phone in facilitating a drug felony. See id., Counts 4, 5, 12.

On August 26, 2011, a jury found defendant guilty on each count. See Verdict (Doc. #572). At sentencing, the Court found that defendant's total offense level was 42 (level 38 because the Court attributed to him at least 8.4 kilograms of cocaine base, plus two levels because

he possessed a firearm during the offense, plus two additional levels because he distributed drugs within 1000 feet of school property). See Presentence Investigation Report (Doc. #657) ("PSR") filed December 1, 2011, ¶¶ 141–56. Based on an offense level 42 with a criminal history category VI, defendant's guideline range was 360 months to life in prison. On January 23, 2012, the Court sentenced defendant to 420 months in prison. See Judgment In A Criminal Case (Doc. #691). Defendant appealed his conviction and sentence. On May 20, 2013, the Tenth Circuit affirmed. Order And Judgment (Doc. #836) at 2.

Defendant currently is confined at FCI Bennettsville, a Bureau of Prisons ("BOP") facility in Bennettsville, South Carolina which houses some 1300 inmates. As of April 27, 2021, 141 inmates and 51 staff members had tested positive for COVID-19. See COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Apr. 27, 2021). All of the inmates and staff members have recovered. See id. No one at the facility has died from COVID-19. See id. As of April 27, 2021, 596 inmates and 120 staff members have received full inoculations of a COVID-19 vaccine. See id.

Defendant is 39 years old. Defendant states that because of asthma, prediabetes and hypertension, he is at high risk of contracting COVID-19 and of severe illness or death if he contracts it. Reply To Government's Response To Motion To Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #1096) filed April 27, 2021 at 2. With good time credit, defendant's projected release date is September 25, 2041.

Based on Amendment 782 to the Sentencing Guidelines, defendant seeks a reduced sentence of 330 months in prison. In a separate motion for compassionate release, defendant asks for a reduced sentence of time served. The government agrees that the Court should reduce defendant's sentence to 330 months under Amendment 782, but it opposes a further reduction.

**Analysis**

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c).

Here, defendant seeks relief under (1) Section 3582(c)(2) and Amendment 782 to the Sentencing Guidelines and (2) the compassionate release statute, Section 3582(c)(1)(A)(i), which permits the Court to reduce a sentence for extraordinary and compelling reasons.

**I.    Motion To Reduce Sentence Under Amendment 782**

Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). If eligible, the Court may reduce defendant's term of imprisonment after considering any applicable factors set forth in Section 3553(a), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c); see Dillon v. United States, 560 U.S. 817, 826–27 (2010); United States v. Green, 625 F. App'x 901, 904 (10th Cir. 2015).

To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show that he was sentenced based on a guideline range that the Sentencing Commission lowered after his sentencing; (2) under the

statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court to grant relief in light of the sentencing factors found in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289.

Defendant argues that the Court should reduce his sentence because after Amendment 782, his total offense level is now 38 instead of 42. The government concedes that defendant is entitled to relief. The parties, however, ignore the fact that at sentencing, the Court held defendant accountable for at least 8.4 kilograms of cocaine base. See PSR, ¶ 141 (defendant "accountable for well beyond 8.4 kilograms of crack cocaine"); id. ¶ 143(a) (first method: low end of 24 kilograms of cocaine base), id. ¶ 143(b) (second method: low end of 48 kilograms of cocaine base); id. ¶ 143(c) (third method: "conservative estimate" of 78.9 kilograms of cocaine base during span of conspiracy); id. ¶¶ 216–17 (probation office agrees defendant responsible for entire amount of crack and powder cocaine trafficked by the Quinn drug trafficking organization); Transcript Of Sentencing (Doc. #757) at 16–19 (court adopted government's calculations and held defendant accountable for at least 8.4 kilograms of cocaine base based on "reasonably foreseeable quantities of drugs trafficked by [defendant] and his co-participants in furtherance of the jointly undertaken criminal activity. . . that occurred within the scope of his agreement to participate"). After Amendment 782, defendant's total offense level is reduced only two levels, to a total of 40 under the amended Guidelines. See U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 2D1.1(c)(2) (Nov. 1, 2018 ed.) (base offense level of 36 for at least 8.4 kilograms but less than 25.2 kilograms of cocaine base, plus two levels because he possessed firearm during offense, plus two additional levels because he distributed drugs within 1000 feet of school property). With a criminal history

category of IV (as argued by defendant) or VI (as applied at his original sentencing), defendant's guideline range remains the same: 360 months to life in prison.  Because Amendment 782 did not lower defendant's sentencing range, the Court dismisses his unopposed motion under Section 3582(c)(2).

**II.     Compassionate Release**

Defendant seeks compassionate release because of various health conditions and the COVID-19 pandemic.  The parties agree that defendant has exhausted administrative remedies.  Under the compassionate release statute, the Court may grant relief if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) the Section 3553(a) factors warrant a reduced sentence.  18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).  The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants.  Maumau, 993 F.3d at 837; McGee, 992 F.3d at 1050.  Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply.  See United States v. Warren, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021).  Accordingly, the Court evaluates only the first and third requirements.

     A.     Extraordinary And Compelling Reasons For Release

The Court has discretion to independently determine whether a defendant has shown "extraordinary and compelling reasons" that warrant release.  See McGee, 992 F.3d at 1044, 1048.  In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent."  United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich.

July 27, 2020) (quoting *extranordinary*, Webster's Third International Dictionary, Unabridged (2020)).  "Compelling" means "tending to convince . . . by forcefulness of evidence." Id. (quoting *compelling*, Webster's Third International Dictionary, Unabridged (2020)). The Court also considers how the Sentencing Commission has defined extraordinary and compelling reasons for BOP motions. See United States v. Carr, No. 20-1152, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes). For BOP motions, the Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) a catchall category for an "extraordinary and compelling reason other than, or in combination with," the first three categories. U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).

Here, defendant seeks release in part because of his medical conditions. At age 39, defendant is young. Defendant has asthma, prediabetes and hypertension, which elevate his risk of contracting COVID-19 or suffering severe illness from it. The government concedes that under Department of Justice guidelines, defendant's medical conditions establish extraordinary and compelling reasons. Even so, the Court finds that defendant's medical conditions and the conditions at FCI Bennettsville, individually and collectively, do not constitute extraordinary and compelling reasons for a reduced sentence. Nearly half of the inmate population at FCI Bennettsville is fully inoculated with a COVID-19 vaccine. Defendant has not shown that compared to his proposed placement in the community, he faces a heightened or imminent risk of exposure to COVID-19 at FCI Bennettsville. See United States v. Wright, No. CR-TDC-17-0388, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (inmate must show imminent risk of

exposure to COVID-19 and high risk for death or serious illness should he or she contract COVID-19 based on age, medical conditions or other factors).   COVID-19 certainly presents a challenge in the prison setting, where inmates generally live in close quarters.  Even so, the risk that COVID-19 may reemerge at FCI Bennettsville cannot "justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant next argues that extraordinary and compelling reasons exist because if sentenced today, he would only be subject to a statutory maximum of 240 months under Section 841(b)(1)(C), which is lower than his guideline range of 360 months to life.  Reply (Doc. #1096) at 3 (citing Alleyne v. United States, 570 U.S. 99 (2013)).  Because the jury instructions required the jury to find that "[t]he overall scope of the agreement involved more than 5 kilograms of cocaine or more than 280 grams of cocaine base ("crack cocaine")," the Court properly sentenced defendant on Count 1 under the statutory penalties under Section 841(b)(1)(A), i.e. ten years to life.  Instructions To The Jury (Doc. #562) filed August 26, 2011, No. 20.[1]  As to

---

[1] In United States v. Dahda, 853 F.3d 1101 (10th Cir. 2017), the Tenth Circuit rejected a sentence challenge based on the failure of the verdict form to include a specify quantity of marijuana.  Id. at 1116–17.  The Tenth Circuit explained that the verdict form did not need to include such information because the jury instructions included as an element of the crime that the "overall scope of the agreement involved more than 1000 kilograms of marijuana," which was sufficient to trigger the higher statutory penalties.  Id.; see also United States v. Collazo, 984 F.3d 1308, 1336 (9th Cir. 2021) (en banc) (defendant convicted of conspiracy under § 846 is subject to enhanced statutory penalties under § 841(b)(1)(A)–(B) if government proved beyond reasonable doubt underlying § 841(a)(1) offense "involved" drug type and quantity set forth in § 841(b)(1)(A)–(B)).  Defendant cites a later panel decision in United States v. Ellis, 868 F.3d 1155 (10th Cir. 2017), which involved a challenge to the statutory minimum in Section 841(b)(1)(A).  To the extent that Ellis applies and conflicts with Dahda, the earlier decision in Dahda controls.  See United States v. Dahda, 842 F. App'x 243, 246 (10th Cir. Jan. 8, 2021) ("when two panel decisions conflict—the earlier decision controls") (quoting United States v. Reese, 745 F.3d 1075, 1083 (10th Cir. 2014)).

Count 4 (conspiracy to maintain a residence to distribute cocaine base within 1000 feet of school property), the statutory range was one to 40 years in prison.[2]  Even if defendant were subject to a statutory maximum of 20 years on Counts 1 and 4, he has not shown that his operative sentence would be limited to 20 years.  First, because defendant had a prior "felony drug offense," the statutory maximum on Count 1 would be 30 years.  21 U.S.C. § 841(b)(1)(C).  Moreover, where a defendant is convicted of multiple offenses, the Sentencing Guidelines specifically instruct district courts to stack sentences where the sentence determined within the guideline range (here 420 months) exceeds the statutory maximum on a single count of conviction.[3]  Accordingly, defendant has not shown that if sentenced today, he would face a lower sentence for his offenses.

---

[2]  Defendant contends that the jury did not make a finding that he committed the offense within 1000 feet of a school.  By finding him guilty of Count 4, the jury specifically found that this element was satisfied.  See Instructions To The Jury (Doc. #562) filed August 26, 2011, No. 28 (to find defendant guilty, jury must find that he agreed to maintain residence to distribute cocaine base "within 1,000 feet of the real property comprising Northwest Middle School").

Defendant also argues that the government did not present sufficient evidence to establish that the distance from "a school" to the precise location where drug-related activity occurred in the residence was within 1000 feet.  Reply (Doc. #1096) at 4.  The statute, however, only requires that the distance between the "real property comprising" a school and the drug-related activity be within 1000 feet.  21 U.S.C. § 860(a); see United States v. Soler, 275 F.3d 146, 155 n.5 (1st Cir. 2002) (government measurement likely overstates distance because it started at school building itself, rather than at real property comprising school).  The government presented adequate evidence to satisfy this element.  See Transcript Of Trial–Volume II (Doc. #718) at 433, 450 (Officer David Weaver testified that distance between school parking lot and furthest most point of structure at 2636 North 20th was 938 feet; structure at 2632 North 20th charged in Count 4 was even closer).

[3]  See U.S.S.G. § 5G1.2(d) (if sentence imposed on count carrying highest statutory maximum less than total punishment, then sentence imposed on one or more other counts shall run consecutively to extent necessary to produce combined sentence equal to total punishment); U.S.S.G. § 5G1.2(d), cmt. n.1 (if no count carries adequate statutory maximum, consecutive sentences to be imposed to extent necessary to achieve total punishment); see also 18 U.S.C. § 3584 (if multiple terms of imprisonment imposed at same time, court may run terms concurrently or consecutively); United States v. Ivory, 532 F.3d 1095, 1107-08 (10th Cir. 2008) (hardly unreasonable to "stack" statutory sentences to reach presumptively reasonable guideline sentence).

While defendant's stated reasons do not constitute extraordinary and compelling reasons for a reduced sentence, the Court finds that its denial of relief to defendant under Amendment 782 is an extraordinary and compelling reason.  As to the two other co-defendants who went to trial (Mark Brooks and Marcus Quinn), the Court granted relief under Amendment 782 because at sentencing, it found that each defendant was accountable for at least 4.5 kilograms of cocaine base. See Order Regarding Motion For Sentence Reduction [As To Mark Brooks] Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #1084) filed February 4, 2021 (reducing sentence from 420 months to 360 months); Order Regarding Motion For Sentence Reduction [As To Marcus Quinn] Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #1079) filed January 21, 2021 (reducing sentence from 360 months to 292 months).  Here, defendant is not eligible for relief because at sentencing, in response to his objection, the Court made specific findings that he was accountable for at least 8.4 kilograms of cocaine base, which was the threshold for a base offense level 38.  Absent an objection, the Court likely would have adopted the quantity specified in the presentence report, i.e. at least 4.5 kilograms of cocaine base, which was based on a prior version of the Guidelines Manual.  See PSR, ¶ 150.  The Court also applied this same quantity estimate for Marcus Quinn and Brooks, who both had significant involvement in the conspiracy.  In other words, absent a reduced sentence and based primarily on the fact that defendant objected at sentencing, he will face a comparably higher sentence than similarly situated co-defendants such as Brooks, who also initially received a sentence of 420 months.  Accordingly, the Court finds that the uneven application of Amendment 782 to the various defendants who had similar involvement in the conspiracy is an extraordinary and compelling reason for a reduced sentence.

  B. Section 3553(a) Factors

The government argues that after balancing the Section 3553(a) factors, the Court should

deny release. The Court agrees that a sentence of time served—a reduction of nearly 20 years—is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public. Defendant committed a significant drug trafficking offense. Defendant and others trafficked a significant amount of crack and powder cocaine within 1000 feet of a middle school. Defendant has a lengthy criminal record including battery of a law enforcement officer. See PSR, ¶¶ 159–76. Defendant also has had several disciplinary incidents in prison. See Attachment A to Government's Response To Defendant's Motion For Compassionate Release (Doc. #1094). For example, in September of 2019, defendant was disciplined for possessing a dangerous weapon. Id. at 2. The Court recognizes that defendant has completed a significant portion of his original sentence and apparently has made some progress toward rehabilitation. On balance, however, the factors under Section 3553(a) do not support a sentence of time served.

Even though a time served sentence is not appropriate, the Court finds that a reduced sentence of 330 months is sufficient, but not greater than necessary, to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide defendant needed treatment in the most effective manner. See 18 U.S.C. § 3553(a)(2)(A)–(D). Such a reduction is particularly appropriate in light of the relief that the Court awarded to similarly situated co-defendants under Amendment 782. On defendant's unopposed motion under Amendment 782, the government agreed that a sentence of 330 months is appropriate under the Section 3553(a) factors. Such a sentence is commensurate with the reduced sentences which the Court imposed on Marcus Quinn and Brooks. Indeed, at defendant's sentencing, the Court specifically noted that after balancing the various sentencing factors, defendant should receive the same sentence as Brooks, i.e. 420 months in prison. See Transcript Of Sentencing (Doc. #757) at 49. Now that the Court has reduced the sentence for Brooks to 330 months, a corresponding reduction is

appropriate for defendant.

**IT IS THEREFORE ORDERED** that defendant's <u>Unopposed Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(2)</u> (Doc. #1087) filed March 17, 2021 is **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion To Reduce Sentence For Compassionate Release</u> (Doc. #1085) filed March 5, 2021 is **SUSTAINED in part**. **The Court reduces defendant's sentence to 330 months. Except as modified above, all other terms and conditions of the <u>Judgment In A Criminal Case</u> (Doc. #691) filed January 27, 2012 shall remain in effect.**

Dated this 30th day of April, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge