IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br>v.<br><br>WILLIE F. FORD,<br><br>         Defendant. | CRIMINAL ACTION<br><br>No. 10-20129-07-KHV |

## MEMORANDUM AND ORDER

On January 23, 2012, the Court sentenced defendant to 420 months in prison. On April 30, 2021, under 18 U.S.C. § 3582(c)(1)(A), the Court reduced defendant's sentence to 330 months in prison. This matter is before the Court on defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. #1135) filed October 17, 2022. The government opposes defendant's motion. See Government's Response To Defendant's Motion For Compassionate Release (#1145) filed December 16, 2022. In lieu of a reply, on January 3, 2023, defendant filed a Supplement[al] Motion To [Section] 3582(c)(1)(A) Sentence Reduction (Doc. #1149). For reasons stated below, the Court overrules defendant's motions.[1]

---

[1] Defendant asks the Court to appoint counsel to assist him with his compassionate release motions. On December 6, 2022, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion. See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); see also United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion). In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Applying these factors, defendant is not entitled to counsel. As explained below, defendant's claim lacks merit. In addition, defendant's claim for compassionate release is not particularly complex factually or legally. Finally, defendant appears able to adequately present his claim. For these reasons, the Court overrules defendant's request for counsel.

**Factual Background**

On July 27, 2011, a grand jury charged defendant and 11 others with conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 280 grams of cocaine base.  See Second Superseding Indictment (Doc. #514), Count 1.  The grand jury also charged defendant with conspiracy to maintain a drug-involved premises within 1000 feet of a school, possession with intent to distribute and distribution of cocaine base within 1000 feet of a school and use of a cell phone in facilitating a drug felony.  See id., Counts 4, 5, 12.

On August 26, 2011, a jury found defendant guilty on each count.  See Verdict (Doc. #572).  At sentencing, the Court found that defendant's total offense level was 42.  See Presentence Investigation Report (Doc. #657) ("PSR") filed December 1, 2011, ¶¶ 141–56 (level 38 because the Court attributed to him at least 8.4 kilograms of cocaine base, plus two levels because he possessed a firearm during the offense, plus two additional levels because he distributed drugs within 1000 feet of school property).  Based on an offense level 42 with a criminal history category VI, defendant's guideline range was 360 months to life in prison.  On January 23, 2012, the Court sentenced defendant to 420 months in prison.  See Judgment In A Criminal Case (Doc. #691).  Defendant appealed his conviction and sentence.  On May 20, 2013, the Tenth Circuit affirmed.  Order And Judgment (Doc. #836) at 2.

On April 30, 2021, under 18 U.S.C. § 3582(c)(1)(A), the Court reduced defendant's sentence to 330 months in prison.  Memorandum And Order (Doc. #1097) at 11.  The Court found that its denial of relief to defendant under Amendment 782 to the Sentencing Guidelines was an extraordinary and compelling reason for a reduced sentence.  Id. at 9.  The Court noted that in contrast to co-conspirators who were accountable for similar drug quantities, defendant did

not receive relief under Amendment 782 because he had objected at sentencing, which trigged specific relevant conduct findings in his case and ultimately a comparably higher sentence than similarly situated co-defendants. Id.

Defendant currently is confined at FTC Oklahoma City, a Bureau of Prisons ("BOP") administrative security transfer center in Oklahoma City, Oklahoma, which temporarily houses some 1,000 inmates pending transfer to other BOP facilities. As of January 24, 2023, one staff member had tested positive for COVID-19 but not yet recovered. See COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Jan. 25, 2023). No inmates had tested positive. See id.

Defendant is 41 years old. Defendant states that because of various medical conditions, he is at high risk of contracting COVID-19 and of severe illness or death if he contracts it. Additional Information And Memorandum In Support Of Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. #1135-3) at 3–6. With good time credit, defendant's projected release date is July 8, 2035. Defendant asks the Court to grant compassionate release because of (1) his health conditions and COVID-19, (2) alleged errors at sentencing and counsel's ineffective assistance at trial, sentencing and on appeal and (3) recent changes in Department of Justice ("DOJ") guidelines and prosecutorial priorities.[2]

## Analysis

A federal district court may modify a defendant's sentence only where Congress has

---

[2] After the government filed its opposition memorandum, defendant raised his arguments related to changes in DOJ guidelines and prosecutorial priorities. See Supplement Motion To [Section] 3582(c)(1)(A) Sentence Reduction (Doc. #1149). Because defendant's new arguments lack merit, the Court declines to order the government to respond to defendant's supplemental motion.

expressly authorized it to do so.  See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c).

Defendant seeks compassionate release because of various health conditions, the COVID-19 pandemic, alleged sentencing errors, ineffective assistance of counsel and changes in DOJ guidelines and prosecutorial priorities.  The government does not dispute that defendant has exhausted administrative remedies.  Under the compassionate release statute, the Court may grant relief if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) the Section 3553(a) factors warrant a reduced sentence.  18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).  The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants.  Maumau, 993 F.3d at 837; McGee, 992 F.3d at 1050.  Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply.  See United States v. Warren, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021).  Accordingly, the Court evaluates only the first and third requirements.

I.      **Extraordinary And Compelling Reasons For Release**

The Court has discretion to independently determine whether a defendant has shown "extraordinary and compelling reasons" that warrant release.  See McGee, 992 F.3d at 1044,

1048.  In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent."  United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting *extraordinary*, Webster's Third International Dictionary, Unabridged (2020)).  "Compelling" means "tending to convince . . . by forcefulness of evidence."  Id. (quoting *compelling*, Webster's Third International Dictionary, Unabridged (2020)).  The Court also considers how the Sentencing Commission has defined extraordinary and compelling reasons for BOP motions.  See United States v. Carr, No. 20-1152, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes).  For BOP motions, the Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) a catchall category for an "extraordinary and compelling reason other than, or in combination with," the first three categories.  U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).

    A.    COVID-19 And Defendant's Medical Conditions

In part, defendant seeks release because of medical conditions and COVID-19.  Nearly two years ago, this Court determined that defendant's medical conditions and the conditions at FCI Bennettsville, individually and collectively, did not constitute extraordinary and compelling reasons for a reduced sentence.  Memorandum And Order (Doc. #1097) at 6–7.  Defendant has not shown any material change in his medical conditions that would warrant a different result at this time.

Defendant currently is at FTC Oklahoma City, awaiting transfer to another BOP facility.  No inmates and only one staff member at FTC Oklahoma City have tested positive for COVID-

19. At age 41, defendant is young. Defendant has mild asthma, anxiety disorder, prediabetes and hypertension, which together elevate his risk of contracting COVID-19 or suffering severe illness from it. Even so, defendant has received two doses of the COVID-19 vaccine and has refused a third booster vaccine. Apparently, the prevailing scientific view is that vaccinated individuals (even with medical comorbidities) do not have a significant risk of severe disease or death if they contract COVID-19. Defendant has not shown that his health conditions constitute extraordinary and compelling reasons for release or a reduced sentence. See United States v. Gunkel, No. 22-5055, 2022 WL 17543489 (10th Cir. Dec. 9, 2022) (despite defendant's medical conditions, district court did not abuse discretion finding that vaccinations prevented "undue risk" of serious COVID-19 case or resulting complications); United States v. McRae, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (when defendant has access to vaccine, incarceration during COVID-19 pandemic does not present extraordinary and compelling reason warranting sentence reduction) (citations omitted).

Defendant has not shown that compared to his proposed placement in the community, he faces a heightened or imminent risk of exposure to COVID-19 at FTC Oklahoma City or at another BOP facility. See United States v. Wright, No. CR-TDC-17-0388, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (inmate must show imminent risk of exposure to COVID-19 and high risk for death or serious illness should he or she contract COVID-19 based on age, medical conditions or other factors). COVID-19 certainly presents a challenge in the prison setting, where inmates generally live in close quarters. Even so, the risk that COVID-19 may emerge or reemerge at FTC Oklahoma City or another facility cannot "justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

B. <u>Sentencing Errors And Ineffective Assistance Of Counsel</u>

Defendant asserts that he has presented extraordinary and compelling reasons for release because at sentencing, the Court erred in determining his relevant conduct and counsel provided ineffective assistance at trial, at sentencing and on appeal. Initially, the government argues that defendant cannot raise these claims in a motion under 18 U.S.C. § 3582(c)(1)(A) because his exclusive remedy for claims related to sentencing errors and the assistance of counsel is under 28 U.S.C. § 2255. A number of unpublished Tenth Circuit decisions hold that in determining whether extraordinary and compelling circumstances warrant a reduced sentence under the compassionate release statute, the district court cannot consider arguments that a defendant could have also a raised in a challenge to his conviction or sentence under 28 U.S.C. § 2255.[3] For reasons stated below, the Court declines to follow these unpublished decisions.

Section 2255 is the exclusive remedy to test the validity of "a judgment and sentence." <u>Johnson v. Taylor</u>, 347 F.2d 365, 366 (10th Cir. 1965). As such, Section 2255 prohibits a prisoner from seeking other "writ[s] of habeas corpus" unless the prisoner's remedy under Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); <u>see</u> <u>Johnson</u>, 347 F.2d at 366. In contrast, a compassionate release motion is not a habeas motion and it does

---

[3] See, e.g., <u>United States v. Headley</u>, No. 22-8060, 2022 WL 17820568, at *2 (10th Cir. Dec. 20, 2022) ("Nothing in § 3582(c) permits Defendant to make an end run around a direct appeal or § 2255 motion by raising a challenge to the constitutionality of his plea, conviction, and/or sentence in a motion for compassionate relief under § 3582(c)(1)(A)."); <u>United States v. Gieswein</u>, No. 22-6014, 2022 WL 2841835, at *3 (10th Cir. July 21, 2022) (compassionate release motion challenging legality of sentence "patently without merit" because Section 3582(c)(1)(A) is not substitute for Section 2255's "exclusive remedy for testing the validity of a judgment and sentence"); <u>United States v. Mata-Soto</u>, 861 F. App'x 251, 255 (10th Cir. 2021) (proper vehicle to raise argument that court applied incorrect statutory sentencing range was under Section 2255, not in motion for compassionate release under Section 3582(c)(1)(A)).

not test the validity of a conviction or sentence. See United States v. Trenkler, 47 F.4th 42, 48 (1st Cir. 2022) ("habeas and compassionate release are distinct vehicles for relief;" Section 2255 deals with legality and validity of conviction and provides method for automatic vacatur of sentences; compassionate release statute grants district court discretion whether to exercise leniency based on individualized review of defendant's circumstances). The compassionate release statute, Section 3582(c)(1)(A), only permits the district court to *reduce* a sentence, not to vacate it or the underlying conviction as Section 2255 authorizes. See 18 U.S.C. § 3582(c)(1)(A) (relief limited to "reduc[ing] the term of imprisonment"); 28 U.S.C. § 2255(a) (court may "vacate, set aside or correct the sentence"); see also United States v. McCall, 56 F.4th 1048, 1072 (6th Cir. 2022) (en banc) (Moore, J., dissenting) ("grant of compassionate release does not invalidate the relevant sentence; rather, it recognizes that a holistic consideration of the defendant's circumstances entitles [him] to early release—a remedy that Congress specifically codified in § 3582(c)(1)") (citing Maumau, 993 F.3d at 837 and other authorities). In that sense, a compassionate release motion is "an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255," which does not fall within the statutory bar for other habeas motions. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); see United States v. Dahda, No. 04-20060-01-DDC, 2022 WL 4079021, at *6 n.7 (D. Kan. Sept. 6, 2022) ("Based on the list of various remedies identified in Section 3582(c), one could conclude that a compassionate release motion under Section 3582(c)(1)(A) is an alternative or supplemental remedy to a motion under Section 2255.").

To warrant compassionate release, the Court has broad "discretion to consider whether *any* reasons are extraordinary and compelling." McGee, 992 F.3d at 1050 (quoting United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020)) (emphasis added); Maumau, 993 F.3d at 837 (quoting Brooker, 976 F.3d at 236) (emphasis added). The Court declines to read the compassionate

release statute as including a prohibition on arguments related to "extraordinary and compelling" circumstances that could be or could have been raised in a Section 2255 motion. See United States v. Ruvalcaba, 26 F.4th 14, 26 (1st Cir. 2022) (declining to infer that Congress intended categorical and unwritten exclusion for non-retroactive "changes in law" in light of its specific statutory exclusion for rehabilitation); cf. Concepcion v. United States, 142 S. Ct. 2389, 2396 (2022) ("It is only when Congress or the Constitution limits the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's discretion to consider information is restrained."). Indeed, even though such circumstances will undoubtedly be rare, it seems that one of the most compelling and extraordinary reasons to reduce a defendant's sentence would be that his conviction or sentence is invalid but he can no longer obtain relief under Section 2255. Cf. Maumau, 993 F.3d at 838 (Tymkovich, C.J., concurring) (relief based on non-retroactive changes in law should be "relatively rare" and only in context of individualized review of defendant's circumstances).

At a minimum, defendant's arguments about the strength and the validity of his conviction and sentence—even if insufficient to warrant relief under Section 2255 had they been timely raised—should be considered as part of the Court's holistic review whether his "unique circumstances" constitute extraordinary and compelling reasons for relief under Section 3582(c)(1)(A)(i). McGee, 992 F.3d at 1048; see Maumau, 993 F.3d at 837 (district court did not err in finding "extraordinary and compelling reasons" based on its "individualized review of all the circumstances of [defendant's] case" and conclusion that "combination of factors" warranted relief); cf. United States v. Montoya, No. 22-6004, 2022 WL 3207615, at *2 n.1 (10th Cir. Aug. 9, 2022) (execution of defendant's sentence in violation of Fifth and Eighth Amendments not "independent ground for granting compassionate release under § 3582(c)(1)(A)," but "facts

that would establish a violation may well be relevant to the decision whether to grant release under the statute"). The Court's individualized review of the unique circumstances of defendant's case should not exclude the very reason why the individual is in prison, i.e. the validity of his conviction and sentence.

Here, however, defendant's arguments related to sentencing errors and ineffective assistance do not present the rare case of extraordinary and compelling reasons to reduce his sentence. Defendant asserts that under relevant conduct principles, the Court erred at sentencing in finding him accountable for drugs sold by co-defendants and firearms that they possessed. At sentencing, the Court overruled similar objections and held that under Section 1B1.3 of the Guidelines, the evidence showed that defendant was accountable for more than 8.4 kilograms of cocaine base and that a two-level enhancement applied because his co-conspirators possessed firearms. Transcript Of Sentencing (Doc. #757) at 18 (defendant squarely in middle of conspiracy as major player in overall distribution scheme; defendant responsible for reasonably foreseeable quantities of drugs that he and others trafficked in furtherance of jointly undertaken criminal activity and that occurred within scope of his agreement to participate); id. at 26 (weapons used in furtherance of conspiracy, and defendant either knew about weapons or use by co-conspirators was reasonably foreseeable to him). On appeal, the Tenth Circuit affirmed this Court's findings on drug quantity and its decision to apply the firearm enhancement. United States v. Ford, 524 F. App'x 435, 441–42 (10th Cir. 2013). Defendant essentially repeats the same arguments that he made at sentencing and on appeal. He has failed to show that this Court's sentencing findings are incorrect or otherwise constitute extraordinary and compelling reasons to reduce his sentence.

Next, defendant asserts that at trial, at sentencing and on appeal, counsel provided ineffective assistance. Additional Information And Memorandum In Support Of Motion For

Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. #1135-3) at 6. To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). Defendant offers no argument to explain how counsel provided ineffective assistance at trial. Defendant asserts that at sentencing and on appeal, counsel failed to argue that under Section 1B1.3 of the Guidelines, he could not be held responsible for acts of his co-conspirators. At both sentencing and on appeal, however, counsel challenged the Court's relevant conduct findings on drug quantity and the firearm enhancement. Counsel's performance was well within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. In any event, defendant has not specifically shown how counsel could have more persuasively argued the relevant conduct issues at sentencing or on appeal, or that if he had done so, the result of sentencing or appeal likely would have been different. Defendant has not shown that counsel provided ineffective assistance or that counsel's performance at trial, at sentencing and on appeal is an extraordinary and compelling reason for a reduced sentence.

        C.       Change In DOJ Guidance And Priorities

Defendant argues that changes in DOJ guidelines and prosecutorial priorities are extraordinary and compelling reasons to reduce his sentence. First, he asserts that the DOJ supports legislation which would eliminate the disparity in the Guidelines between crack cocaine and powder cocaine. Supplement Motion To [Section] 3582(c)(1)(A) Sentence Reduction (Doc. #1149) at 4–5. If enacted, the proposed Eliminating a Quantifiably Unjust Application of the Law Act of 2021 (the "EQUAL Act") would reduce the crack cocaine/powder cocaine ratio from 18:1

to 1:1.[4]  Proposed legislation itself is insufficient to grant wholesale relief to all defendants who could potentially benefit from such legislation.  United States v. Marcus Quinn, No. CR 10-20129-03-KHV, 2022 WL 16635236, at *3 (D. Kan. Nov. 2, 2022).[5]  Likewise, defendant has not shown that the disparity in the punishment of crack cocaine and powder cocaine reflected in current law is an extraordinary and compelling reason for his release.  See United States v. Williams, No. 5:03-cr-00004-KDB-DSC, 2022 WL 17095220, at *5 (W.D.N.C. Nov. 21, 2022) (crack-to-powder disparity not extraordinary and compelling reason for relief).

Defendant next argues that DOJ's recent change in prosecutorial priorities—which focus on violent crime—is an extraordinary and compelling reason for his release.  See Supplement Motion To [Section] 3582(c)(1)(A) Sentence Reduction (Doc. #1149) at 3–4.  Defendant asserts that he has no serious criminal history or history of violence, that he did not have a managerial role in trafficking large amounts of drugs and that he did not possess firearms.  See id. at 4.  Defendant concludes that under current DOJ guidance, the prosecutor would seek a much lower

---

[4] In 2021, the House passed the EQUAL Act, which would eliminate the federal sentencing disparity between drug offenses involving crack cocaine and powder cocaine.  See H.R.1693, EQUAL Act of 2021, https://www.congress.gov/bill/117th-congress/house-bill/1693 (last visited Jan. 23, 2023).  In the Senate, the bill currently is referred to the Committee on the Judiciary.  See S.79, EQUAL Act of 2021, https://www.congress.gov/bill/117th-congress/senate-bill/79/all-info (last visited Jan. 23, 2023).

[5] It appears that no court has held that the proposed EQUAL Act is an extraordinary and compelling reason to reduce a defendant's sentence. See, e.g., Quinn, 2022 WL 16635236, at *3 (proposed EQUAL Act not extraordinary and compelling reason); Palermo v. United States, No. 1:17-CR-290-GHW, 2022 WL 14129780, at *2 (S.D.N.Y. Oct. 22, 2022) (possibility of defendant receiving benefit through proposed EQUAL Act not extraordinary and compelling circumstance); United States v. Sims, No. 19CR857NSR01, 2022 WL 3013111, at *4 (S.D.N.Y. July 29, 2022) (same).  Compare United States v. Samas, No. 3:18-CR-00296 (JAM), 2021 WL 5996815, at *2–3 (D. Conn. Dec. 7, 2021) (after finding that defendant's medical condition was extraordinary and compelling reason for release, court considered EQUAL Act in balancing Section 3553(a) factors).

sentence and would ask for a downward departure or variance from the applicable guideline range. See id. To determine whether to grant compassionate release, however, the Court does not revisit the prosecutor's charging decision and speculate whether or to what extent the prosecutor would charge or prosecute the case differently if presented with the same facts today. Defendant has not shown that the purported change in guidance on charging decisions is an extraordinary and compelling reason for his release. See United States v. Lawson, No. CR 03-282-1 (JDB), 2022 WL 2663887, at *8 (D.D.C. July 11, 2022) (mere fact that charging guidance may change with administrations not determinative as to whether defendant would be prosecuted differently today; defendant's argument of change in charging guidance too speculative to constitute an extraordinary and compelling reason favoring release); United States v. Rodriguez, 451 F. Supp. 3d 392, 405 n.32 (E.D. Pa. 2020) (purported changes in DOJ policy not extraordinary and compelling reasons for release; defendant did not show that he would be charged differently today).

**II.     Section 3553(a) Factors**

Even if defendant's health conditions, COVID-19, the alleged sentencing errors, assistance of counsel and changes in DOJ guidance and priorities could somehow constitute "extraordinary and compelling" reasons for release, the Court would deny relief after considering the factors under 18 U.S.C. § 3553. Less than one year ago, the Court determined that a reduced sentence of 330 months was sufficient but not greater than necessary to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide defendant needed treatment in the most effective manner. See 18 U.S.C. § 3553(a)(2)(A)–(D). Defendant has not shown any circumstances which alter this Court's prior conclusion. A sentence of time served—a reduction of some 12 years—is inconsistent with the seriousness of defendant's offense, the need for

deterrence and the need to protect the public. Defendant committed a significant drug trafficking offense. Defendant and others trafficked a significant amount of crack and powder cocaine within 1000 feet of a middle school. Defendant has a lengthy criminal record including battery of a law enforcement officer. See PSR, ¶¶ 159–76. Defendant also has had several disciplinary incidents in prison. The Court recognizes that defendant has completed a significant portion of his original sentence and apparently has made some progress toward rehabilitation. On balance, however, the factors under Section 3553(a) do not support a reduced sentence.

**IT IS THEREFORE ORDERED** that defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. #1135) filed October 17, 2022 and Supplement[al] Motion To [Section] 3582(c)(1)(A) Sentence Reduction (Doc. #1149) filed January 3, 2023, are **OVERRULED**.

Dated this 1st day of February, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge